```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


UNITED STATES OF AMERICA      )
                              )
                              )
         v.                   )    1:07cr265 (JCC)
                              )
INGRID DINA LEVY,             )
                              )
    Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Dismiss Counts I-VII of the Indictment, a Motion for Bill of Particulars, a Motion to Compel, a Motion to Retain Documentation, and a Motion in Limine.  For the following reasons, Defendant's Motions will be granted in part and denied in part.

### I. Background

On January 3, 2008, a Grand Jury returned a Superceding Indictment (the "Indictment") charging Defendant Ingrid Dina Levy ("Ms. Levy") with three counts of mail fraud and four counts of wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.  The events leading up to the Indictment began around October 2004 and continued through on or about July 2006, during which time Ms. Levy took orders for clothing via internet websites and accepted payment for clothing she did not intend to deliver.  As part of a scheme and artifice to defraud, Ms. Levy would sometimes ship no

1

merchandise, and at other times would make partial shipments or ship nonconforming goods. Ms. Levy created several fictitious names and email aliases to communicate with her purported customers, and also invented a fictitious law firm and false legal demand letters to threaten legal action against websites who posted negative ratings of Ms. Levy's business practices. Ms. Levy also created a mail drop to make her business appear to be located in California. The Indictment charges Ms. Levy with several specific acts of transmitting emails by wire and knowingly mailing checks in connection with her fraud scheme.

In or about October 2004, a resident of the Eastern District of Virginia with the initials AF ("AF") contacted Ms. Levy, who agreed to provide AF with clothing for an online business. AF would accept orders and collect payment through her online business, then would mail Ms. Levy payment for the requested clothing and shipping costs. Ms. Levy would agree to ship the items directly to the customer, but would often ship nothing, or ship only a partial order. When AF relayed customer complaints to Ms. Levy, the name Ms. Levy instructed AF to give to her customers as the name of her supplier was a false name.

On December 19, 2006, the FBI conducted a search of Ms. Levy's home in Neponsit, New York pursuant to a search warrant authorized by a Magistrate Judge in the Eastern District of New York. The warrant, signed on December 18, 2006, was supported by

an affidavit by an FBI Special Agent (the "Affidavit") detailing the grounds for probable cause linking Ms. Levy's residence to her fraudulent activity.  The search resulted in the seizure of Ms. Levy's computer and a box of documents showing use by Ms. Levy of business names, banks, and aliases.

On February 1, 2008, Defendant filed a series of Pretrial Motions, including a Motion to Dismiss Counts I-VII of the Indictment, a Motion for Bill of Particulars, a Motion to Compel, a Motion to Retain Documentation, and a Motion in Limine (collectively, "Pretrial Motions").  Government responded on February 6, 2008.  These Motions are currently before the Court.

## II. Standard of Review

A legally sufficient indictment must "'contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.'  If the indictment does not contain every essential element of the offense, it is invalid." *United States v. Loayza*, 107 F.3d 257, 260 (4th Cir. 1997) (*citing United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992)).  When the objection to the indictment is timely, a trial Court's ruling on the sufficiency of an indictment is reviewed de novo, with heightened scrutiny applied if its sufficiency is challenged before a verdict. *United States v. Darby*, 37 F.3d 1059, 1062-1063 (4th Cir. 1994).

Pursuant to Rule 7(f), the Court may direct the Government to file a bill of particulars.  Ordinarily, the function of a bill of particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but is granted in order to supply "any essential detail which may have been omitted from the indictment."  *United States v. Anderson*, 481 F.2d 685 (4th Cir. 1973) *aff'd* 417 U.S. 211 (1974).  A trial court's decision to grant or deny a bill of particulars is reviewed for abuse of discretion.  *See United States v. Schembari,* 484 F.2d 931, 934 (4th Cir. 1973)*.*

### III. Analysis

A. <u>Dismiss the Indictment</u>

Defendant argues that the Superceding Indictment is unconstitutionally vague.  First, she asserts that the Indictment is vague regarding the allegations of the scheme to defraud with which she is charged.  She argues that the Indictment is unclear as to "whether she is charged with a scheme whereby she took money knowing that she was not going to send confirming goods to the customer, or, on the other hand, whether the fulfillment or non-fulfillment of the individual orders was based on the particular facts and circumstances of the order."  Def.'s Mem. in Supp. of Pretrial Mot. at 4.  Second, she argues that "the nature of the fraud and of the alleged misrepresentations underlying it are unclear," because there "is no allegation of a false

4

statement being made" and the number of the customers allegedly being defrauded is unclear. Def.'s Mem. at 5-6.

An indictment meets the Constitutional standard "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 118 (U.S. 1974); *see also United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). An indictment may "set forth the offense in the words of the statute itself" and will be deemed sufficient if it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which [s]he is charged." *Id. (quoting United States v. Hess*, 124 U.S. 483, 487 (1888)).

An indictment for mail fraud must be sufficient "to support the finding of two essential elements: '(1) the existence of a scheme to defraud, and (2) the mailing of a letter, etc., for the purposes of executing the scheme.' The essence of this crime is that the defendant used the mail as an instrument of his crime." *United States v. United Medical & Surgical Supply Corp.*, 989 F.2d 1390, 1403 (4th Cir. 1993) (*quoting United States v. Murr*, 681 F.2d 246, 248 (4th Cir.)). For the Government "to obtain a conviction for mail fraud, the indictment must 'furnish

5

the accused with such a description of the charge against him as well enable him to make his defence . . . Indictments which do not identify specific mail fraud victims by name [are sufficient].'"  *United States v. Loayza*, 107 F.3d 257, 260 (4th Cir. 1997)(quoting *United States v. Mizyed,* 927 F.2d 979, 981 (7th Cir. 1991)).

The Government asserts that the Indictment describes a single scheme to defraud in which "Defendant offered clothing for sale to prospective customers and received payment for those orders, when, in fact, she had no intention of ever delivering all of the clothing items the customers ordered."  Gov.'s Opp. to Def.'s Pre-Trial Mot. at 7.  It emphasizes that it "is not required to detail each specific statement made by the Defendant on a victim by victim basis" to satisfy the requirements of an indictment for mail or wire fraud.

In this case, the Indictment lists the check amount, date, and mailing address for each count of mail fraud, and the date, recipient, and content summary of each count of wire fraud. The Indictment also clearly lays out a single "scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations." Superceding Indictment at ¶¶ 21, 23.  Although the fact section of the indictment references other victims to this scheme, it is clear that Defendant is being charged with the 7 specific acts of

6

mail fraud and wire fraud charged in Counts I-VII, and that the additional facts are background information putting the fraud in the context of the broader scheme. Therefore, the Indictment sufficiently furnishes Defendant with a description of the charge against her, including the scheme to defraud and the mailings used to execute the scheme which constitute each count of the charges.

    B. <u>Bill of Particulars</u>

    If the Court does not dismiss the Indictment, Defendant requests a bill of particulars to specify "the precise contours of the fraud scheme and what conduct defendant committed against the particular victims to perpetrate this scheme." Def.'s Mem. at 11.

    A bill of particulars is provided "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-935 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)(citing *United States v. Anderson, 481*

7

*F.2d 685* (4th Cir. 1973).  If "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (citing *United States v. Butler*, 262 U.S. App. D.C. 129, 822 F.2d 1191, 1193 (1987)).  Because the indictment adequately details the charges such that Defendant can prepare for trial, the Court will deny Defendant's Motion for a Bill of Particulars.

    C.  <u>Suppression of Evidence</u>

Defendant argues that the search of her home and the search and seizure of her computer and other items from her home were unlawful because (1) the affidavit in support of the warranted lacked probable cause and (2) the wholesale search and seizure of all business records, including the full contents of her computer, violated the specificity requirement of the Fourth Amendment.  Def.'s Mem. at 13.  As to the lack of probable cause, Defendant highlights three shortcomings in the affidavit.  First, Defendant argues that there is nothing in the affidavit to indicate that Defendant committed any fraud against Mary Kate Rice, a customer who had ordered apparel from AF, the target of two independent local investigations by the Virginia Sheriff's Office and the Loudon County Sheriff's Office.  Second, Defendant argues that although paragraph 17 of the affidavit states that a review of e-mail text indicates that AF and Defendant were

8

associated in business dealings regarding the sale of apparel, there is nothing in the affidavit indicating that their relationship or business dealings were criminal.  Finally, Defendant points to paragraph 27 – which details how an undercover agent placed an order with www.shopchic.net for $1,020 in clothing, paid for the order in full, was informed the order had shipped, but never received it – fails to establish probable cause that Defendant committed a crime of any sort.  Def.'s Mem. at 14.

As to the warrant's lack of specificity, according to Defendant Attachment A to the warrant authorizes the wholesale search of Defendant's home, which the agents interpreted as authorizing them to take virtually every item of paper, all computer data, including the computer itself, and some of Defendant's own clothing from her home.  Defendant contends that the contents of the affidavit do not provide a reasonable basis for the broad search of Defendant's home that the warrant authorizes and that in fact occurred.  Def.'s Mem. at 15.

Citing *United States v. Leon*, 468 U.S. 897 (1984), the Government responds by contending that Defendant's argument for suppression can be disposed of simply by addressing whether the federal agents acted in good faith, without addressing whether there was probable cause or sufficient particularity.  In *Leon*, the Supreme Court held that while a trial court may wish to

resolve a particular Fourth Amendment question before reaching the good faith issue, in circumstances where a court is not faced with an important Fourth Amendment question it may turn "immediately to a consideration of the officers' good faith." *Id.* at 924.  The Government argues that, given the facts of this case and the lack of any evidence of "bad faith" or mischief by the affiant, Defendant's Motion may be disposed of on the good faith issue alone.  Gov.'s Opp. at 11.  The Court agrees with the Government's assessment.

The Fourth Amendment requires the Government to obtain a warrant upon a sworn showing of probable cause before searching a home.  In addition, the warrant must state with particularity the place to be searched and the persons or things to be seized.  Evidence seized in violation of the Fourth Amendment may be "suppressed" or excluded from future use by the government as a means of deterring police misconduct.  *See Weeks v. United States*, 232 U.S. 383, 398 (1914).  In *Leon*, the Supreme Court found that where an officer's reliance on a magistrate's probable cause determination and on the sufficiency of the warrant is objectively reasonable, the exclusionary rule will not apply even if the warrant was in fact not properly issued.  468 U.S. at 923.  However, the Court in *Leon* emphasized that suppression would remain an appropriate remedy if: (1) the affiant provided the magistrate with information the affiant knew to be false; (2) the

magistrate abdicated his judicial role by failing to act as a detached and neutral judicial officer; or (3) the warrant was so facially deficient that the executing officer could not reasonably presume it to be valid.  *Id*. at 923.  Courts will generally find good faith except in the most egregious of circumstances.  *See, e.g., United States v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996)(finding no good faith where the officer relied on a "bare bones" affidavit that depended solely on information from an unnamed informant whose truthfulness and reliability were unknown).

Here, there is no evidence that the affiant provided false information to the magistrate, and no evidence that the magistrate failed to act as a neutral and detached judicial officer in reviewing the affidavit and authorizing the search.  Moreover, the warrant does not appear facially deficient.  The two alleged deficiencies raised by Defendant concern a lack of probable cause to search Defendant's home and to seize items within her home, and a lack of specificity regarding the items to be seized.  As to probable cause, the affidavit describes an investigation by an FBI Special Agent that revealed significant evidence of a scheme by Defendant to use her home, as well as her home computer, to perform acts in furtherance of her fraudulent scheme.  *See* Aff. at ¶¶ 11-41.  As to the lack of specificity, the warrant specifically describes the business records,

11

clothing, and computer hardware, software, and related documentation to be seized. *See* Attachment A to Aff. Given the level of detail provided, the Court finds that the executing officers could reasonably presume that the warrant was valid. Because the executing officers acted in good faith within the terms of *Leon*, the Court will deny Defendant's effort to suppress the materials seized from her home.

### D. Retain Documents

Defendant requests that the Government retain the handwritten notes of the agents who directed the investigation and disclose them to Defendant before trial. Def.'s Mem. at 18. The Jencks Act requires that handwritten notes like those requested by Defendant "be produced only if they are 'a substantially verbatim' record of the witness's statement or if they are adopted and approved by the witness." *United States v. Hall*, 93 F.3d 126, 131 (4th Cir. 1996)(*citing* 18 U.S.C. § 3500(e)(1), (2)). Defendant asserted for the first time during the motions hearing that the handwritten documents may come into this category. The Court will order the Government to bring the notes to trial to allow the Court to conduct an in camera review if it becomes necessary.

### E. Email Evidence

Defendant filed a Motion in Limine to preclude the Government from relying on email correspondence to prove the

allegations against Defendant on the grounds that such evidence would be inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," according to the Federal Rules of Evidence. Fed. R. Evid. 801(c). If the emails are offered by the Government for the truth of their contents, then they are hearsay and, if the contents are not within one of the hearsay exceptions, may be deemed inadmissible. However, if a statement or, in this case, an email, is offered for another purpose, it is not hearsay. *See, e.g., United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988)(upholding the district court's finding "that the letters did not constitute hearsay evidence because they were not offered to prove the truth of the matter asserted [but] letters were admitted to show [the defendant]'s knowledge"). The Government asserts that it will not offer the emails to prove truth, but for other, non-hearsay purposes. In particular, it has said that it will use the emails to put the case into context and to establish Defendant's intent. Defendant is concerned with having the ability to cross examine witnesses and being able to elucidate potential bias in the evidence being presented against her. If the bulk of the evidence is offered as email correspondence, that sort of examination would not be possible.

Insofar as the emails are being offered for nonhearsay

13

purposes, such evidence may be admissible, and thus Defendant's Motion in Limine will be denied.  The Court reserves its ruling on any particular item offered as evidence until such time as it is before the Court.

    F. Brady Material

Defendant requests that she be provided with all *Brady* materials.  The Government asserts that it has provided all the materials in its possession that are requested by Defendant.  Defendant did not contradict this assertion at the hearing, and it appears to the Court that the Government has complied with and is aware of its continuing obligations to provide Defendant with Brady materials, including Defendant's emails.  This motion is therefore moot.

    G. Additional Motions

Defendant asks that she be allowed to file a reply to Government's response to these Motions and that she have the ability to make additional Motions in the future.  All further pretrial Motions shall be noticed for argument on Monday, February 11, 2008.

### IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Counts I-VII of the Indictment, Motion for a Bill of Particulars, and Motions in Limine will be denied.  Defendant's Motion to Compel Discovery and Motion to Retain Documentation

14

will be granted.

        An appropriate Order will issue.


February 8, 2008                                          /s/
Alexandria, Virginia                     James C. Cacheris
                                          UNITED STATES DISTRICT COURT JUDGE