IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 1:07CR265 |
| v. ) | |
| ) | Hon. James C. Cacheris |
| INGRID DINA LEVY, ) | |
| ) | Motions Hearing: February 11, 2008 |
| Defendant. ) | |

### UNITED STATES' MOTION *IN LIMINE* REGARDING DEFENDANT'S IMMIGRATION STATUS

The United States moves this Court to prevent the Defendant from raising before the jury the possibility that she may be deported if she were convicted of the counts alleged in the indictment. The possibility of deportation, which is a matter within the sole discretion of an Immigration Judge, is not relevant to any fact concerning the defendant's guilt or innocence. Moreover, the prejudicial effect of raising that topic before a jury would greatly outweigh any probative value.

### BACKGROUND

On January 3, 2008, a grand jury in the Eastern District of Virginia returned a Superceding Indictment charging the defendant with three counts of mail fraud, in violation of 18 U.S.C. § 1341, and four counts of wire fraud, in violation of 18 U.S.C. § 1343. Trial has been set for February 20, 2008.

Defendant is a citizen of France and a legal resident of the United States. Defendant's immigration status is not relevant in any respect to her guilt or innocence of the charges in the Superceding Indictment. However, from communications with defense counsel, it is apparent

Defendant believes a conviction in this matter may affect her immigration status and trigger a deportation proceeding. Based on these communications, the Government is concerned the defense will suggest to the Jury that the Defendant may be deported or subject to other immigration proceedings if the Jury returns a guilty verdict.

## ARGUMENT

First, evidence concerning Defendant's immigration status and the impact of a guilty conviction on that status is not relevant in any way to her guilt or innocence of the charged offenses. Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. This case involves allegations of wire and mail fraud by the defendant in connection with the promise to sell clothing. Defendant's immigration status and has no bearing on any fact in this case. Therefore, it is not relevant, and should be excluded under Fed. R. Evid. 402.

Second, even if Defendant's immigration status had some minimal relevance, the prejudicial effect of its introduction outweighs its probative value. When the admission of evidence will cause unfair prejudice that substantially outweighs the admitted evidence's probative value, the court must exclude the evidence. Fed. R. Evid. 403. "Unfair prejudice," as used in Rule 403 refers to evidence that tends to suggest a decision on an improper basis. See, e.g., United States v. Mendez-Ortiz, 810 F.2d 76, 79 (1st Cir. 1986) (citations omitted), cert. denied, 480 U.S. 922 (1987).

The suggestion that defendant could be deported if she were convicted of a felony could only be made to sway the jury to acquit on an improper basis. It would play to the jurors'

emotions in an attempt to obtain an acquittal out of sympathy – both for Defendant and her family members – rather than the relevant facts.  The prejudicial nature of such evidence is made all the worse by the speculative nature of potential deportation.  The possibility of deportation proceedings being brought against defendant is unknown and is outside the control of the prosecution, this Court, and the jury.  Accordingly, all evidence regarding Defendant's immigration status should be excluded under Fed. R. Evid. 403.

## **CONCLUSION**

For the foregoing reasons, the government's motion *in limine* should be granted.  The defense should be prohibited from mentioning or attempting to introduce evidence of the impact of a felony conviction upon Defendant's immigration status.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By: _____/s/_____
Jay V. Prabhu
Attorney for United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314-5794
703-299-3842
703-299-3980 (fax)
jay.prabhu@usdoj.gov

Thomas Dougherty
Trial Attorney
U.S. Department of Justice
   Computer Crime & Intellectual Property Section

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

    Steven D. Brown
    Sarah E. Moffett
    LeCLAIR RYAN, A Professional Corporation
    Riverfront Plaza, East Tower
    951 East Byrd Street, 8th Floor
    P.O. Box 2499
    Richmond, Virginia 23218-2499
    Telephone: (804) 783-7516
    Fax: (804) 783-7616

    Steven.Brown@leclairryan.com
    Sarah.Moffett@leclairryan.com

    *Counsel for Ingrid Dina Levy*

                                            /s/
                                        Jay V. Prabhu
                                        Attorney for United States
                                        U.S. Attorney's Office
                                        Justin W. Williams U.S. Attorney's Building
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: 703-299-3700
                                        FAX: 703-299-3981
                                        Email Address: jay.prabhu@usdoj.gov