IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:07CR265 |
| | ) | |
| v. | ) | Trial Date: February 20, 2008 |
| | ) | |
| INGRID DINA LEVY, | ) | Judge: The Honorable James C. Cacheris |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION TO REVOKE BOND, OR, IN THE ALTERNATIVE, REVISE DEFENDANT'S RELEASE CONDITIONS

The United States of America, through its attorneys, Chuck Rosenberg, United States Attorney, Jay V. Prabhu, Assistant United States Attorney, and Thomas Dougherty and Tyler Newby, Trial Attorneys, United States Department of Justice, Computer Crime and Intellectual Property Section, moves this Honorable Court to revoke Defendant INGRID DINA LEVY'S bond based upon improper witness contact and possible obstruction of justice. As set forth below, there is reason to believe DEFENDANT improperly endeavored to influence this proceeding through her repeated contacts with and statements to a Government witness in this case, in violation of 18 U.S.C. § 1503. Moreover, the Government is concerned that there is reason to believe that Defendant's attorney, Marc Agnifilo, was present during at least two of these contacts, and became a witness to Defendant's potentially obstructive conduct. The Government thereby respectfully requests an emergency hearing to address these issues and to seek an order revoking Defendant's bond during the pendency of trial. Should the Court deny the Government's request to revoke Defendant's bond, the Government respectfully requests the

Court revise Defendant's release conditions to prohibit further contact by Defendant with any Government witnesses.

## BACKGROUND

Defendant is charged with three counts of mail fraud, in violation of 18 U.S.C. § 1341, and four counts of wire fraud, in violation of 18 U.S.C. § 1343. Defendant currently is released on a $50,000.00 unsecured bond set by the Honorable James C. Cacheris, United States District Judge. She was ordered to reside at her home in Neponsit, New York and her travel was restricted to the Eastern District of New York, the Southern District of New York and the Eastern District of Virginia. Trial is set to begin on February 20, 2008.

Several counts in the Superceding Indictment concern Defendant's former business relationship with Ashley Foster Frye. Specifically, the Superceding Indictment alleges Defendant and Ms. Frye entered a business arrangement whereby Ms. Frye would set up and maintain websites offering fashion clothing for sale, and Defendant would ship clothing directly to customers after receiving payment. The Superceding Indictment further alleges that, as part of Defendant's scheme to defraud, Defendant would often not ship any clothing, or would ship partial orders, even while falsely telling Ms. Frye that she had satisfied customers' orders. Based on the allegations in the Superceding Indictment, Defendant and her counsel were well aware the Government intended to call Ms. Frye as a witness at trial.

On February 17, 2008 Special Agents Greg Ryman and William Kim of the Federal Bureau of Investigation and Trial Attorney Thomas Dougherty met with Ashley Foster Frye in preparation for trial. During that meeting, they learned that Defendant had made frequent contact with Ms. Frye. Ms. Frye had previously broken off communications with Defendant. However,

Defendant had sent her numerous e-mail messages proclaiming her innocence, and requesting that Ms. Frye speak with her. Ms. Frye eventually yielded to Defendant's requests and resumed almost daily communications with her. Their communications ranged over a wide variety of topics, including the health problems Defendant was suffering.

Ms. Frye also informed Special Agent Ryman that Defendant had contacted her in recent weeks and asked Ms. Frye to meet with her and her attorney when they were in town. While Ms. Frye was initially fearful, she agreed to meet with Defendant and Mr. Agnifilo. The only persons present at that meeting were Ms. Frye, Mr. Agnifilo and Defendant. Ms. Frye said that during the meeting, Defendant proclaimed her innocence and said the Defendant told Ms. Frye that she obtained shipping records which prove that she had satisfied their customers' orders, and records which show that Defendant had sent Ms. Frye a check to cover credit card merchant losses Ms. Frye had suffered due to Defendant's non-delivery of goods.

## ARGUMENT

Condition 1 of LEVY's bond in this case is that she not violate any federal, state or local law while on release. Nevertheless, Defendant repeatedly contacted a key Government witness prior to trial in an apparent attempt to influence Ms. Frye's testimony, in possible violation of 18 U.S.C. § 1503. The elements of obstruction of justice under section 1503 are: (1) a pending judicial proceeding; (2) the defendant knew or had notice of the pending proceeding; and (3) the defendant acted corruptly with the intent to influence, obstruct or impede the proceeding in its due administration of justice. United States v. Grubb, 11 F.3d 426, 437 (4th Cir. 1993). Moreover, success in obstructing justice is not a requirement, as the statute prohibits "endeavor[ing]" to corruptly influence a judicial proceeding. United States v. Russell, 255 U.S.

138, 143 (1921).

There can be no dispute regarding the existence of a pending proceeding or Defendant's knowledge of that proceeding. The only disputed issue is whether Defendant corruptly endeavored to influence that proceeding through her repeated contacts with Ms. Frye. Both the frequency and substance of Defendant's communications with Ms. Frye evidence her intent to influence Ms. Frye's testimony. First, Defendant improperly attempted to garner sympathy from Ms. Frye by detailing the stress she was under and the personal and health-related problems she was suffering. This, when combined with Defendant's repeated claims of innocence and that she had documentation and records to prove her innocence, were calculated to portray herself to Ms. Frye as an unfairly accused victim. The Government is particularly concerned that Defendant was attempting to influence Ms. Frye's testimony by insisting on the existence of evidence that she had not defrauded customers of the clothing business she operated through Ms. Frye and that she had evidence to prove she had paid Ms. Frye back for charge-back losses.

In light of the foregoing facts, the Government respectfully requests that the Court revoke the Defendant's bond during the pendency of this matter. Should the Court decide not to revoke Defendant's bond, the Government respectfully requests that the Court revise Defendant's release conditions to prohibit further contact with Government witnesses, including Ms. Frye. While criminal defendants generally have a due process right to access to witnesses, a trial court may limit that access to prevent harassment or other wrongdoing and to protect the integrity of the judicial proceeding. See, e.g., United States v. Soape, 169 F.3d 257, 270 (5th Cir. 1999). In light of Defendant's conduct toward Ms. Frye, a revision of her release conditions is appropriate.

The Government is also concerned that Defendant's attorney, Mr. Agnifilo, was the only witness to at least one of Defendant's communications with Ms. Frye. In an abundance of caution, the Government seeks assurances that Mr. Agnifilo's witnessing of these communications has not created a potential conflict affecting his representation of Ms. Frye at trial.

## **CONCLUSION**

WHEREFORE, this Court should revoke LEVY'S bond and detain her pre-trial.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:     /s/
Jay V. Prabhu
Attorney for United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314-5794
703-299-3884
703-299-3980 (fax)
jay.prabhu@usdoj.gov

Thomas Dougherty
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

    Steven D. Brown
    Sarah E. Moffett
    LeCLAIR RYAN, A Professional Corporation
    Riverfront Plaza, East Tower
    951 East Byrd Street, 8th Floor
    P.O. Box 2499
    Richmond, Virginia 23218-2499
    Telephone: (804) 783-7516
    Fax: (804) 783-7616

    Steven.Brown@leclairryan.com
    Sarah.Moffett@leclairryan.com

    *Counsel for Ingrid Dina Levy*

                                      /s/
                                      Jay V. Prabhu
                                      Attorney for United States
                                      U.S. Attorney's Office
                                      Justin W. Williams U.S. Attorney's Building
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314
                                      Phone: 703-299-3700
                                      FAX: 703-299-3981
                                      Email Address: jay.prabhu@usdoj.gov