IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:07 CR 265 |
| | ) | |
| INGRID DINA LEVY, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' MOTION FOR MONEY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The United States of America, by and through its undersigned attorneys, hereby moves the Court to impose a money judgment of $120,426.16 against the defendant.

ARGUMENT

I. Forfeiture is Mandatory

On February 25, 2008, following a three day jury trial, the defendant, Ingrid Dina Levy, was convicted of three counts of mail fraud in violation of Title 18, United States Code, Section 1341 and four counts of wire fraud in violation of Title 18, United States Code, Section 1343. The defendant also waived her right to contest the forfeiture allegation contained in the Superceding Indictment. Paragraph 25 of the Superseding Indictment stated in pertinent part, as follows:

> Pursuant to Rule 32.2(a), the defendant INGRID DINA LEVY is hereby notified that, if convicted of any of the mail or wire fraud offensed charged in Counts One through Three [sic] above, she shall forfeit to the United States, pursuant to 18 U.S.C. § 9819a)(1)(C) and 28 U.S.C. § 2461(c), the following property:

(a) A sum of money equal to at least $85,044.14 in United States currency representing the amount of proceeds obtained as a result of the violations of 18 U.S.C. §§ 1341, 1343.

Criminal forfeiture of proceeds obtained from the mail fraud and wire fraud offenses is mandatory as both offenses are "specified unlawful activities" making the proceeds thereof forfeitable civilly under 18 U.S.C. § 981(a)(1)(C) and criminally under 28 U.S.C. § 2461(c). The pertinent part of 28 U.S.C. §2461(c) states that "[i]f the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case".

In this case, the trial evidence showed that the defendant obtained at least $120,426.16 in criminal proceeds. *See* Government Exhibit 30, the summary of victim losses. Evidence was presented that the defendant deposited over $500,000 into her bank accounts. *See* Government Exhibit 2. As testified to by Federal Bureau of Investigation (FBI) Special Agent Greg Ryman, Government Exhibit 30 shows money obtained by the defendant for items that were never received by the victims nor refunds given. The $120,426.16 represents both proceeds realized by the defendant as well as the loss to the 45 victims who defrauded by the defendant.

In *United States v. Monsanto*, 491 U.S. 600 (1989), the Supreme Court recognized the mandatory nature of forfeiture in a drug forfeiture case where forfeiture was governed by 21 U.S.C. § 853, declaring:

> As observed above, § 853(a) provides that a person convicted of the offenses charged in respondent's indictment "shall forfeit . . . any property" that was derived from the commission of these offenses. After setting out this rule, § 853(a) repeats later in its text that upon conviction a sentencing court "shall order" forfeiture of *all* property described in § 853(a). Congress could not have chosen stronger words to express its intent that forfeiture be

> mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited.

*Id.* at 606.

II. <u>Money Judgment is Authorized</u>

Federal Rule of Criminal Procedure 32.2(b)(1) acknowledges that the government may obtain a money judgment: "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." The court may order forfeiture of a sum of money representing the proceeds derived from the offense. *See United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003) (court properly instructed the jury that it had to find, by a preponderance of the evidence, that the sum for which the Government was seeking a money judgment fairly represented the amount derived from proceeds that the defendant obtained, directly or indirectly, from the offenses charged); *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000) (defendant ordered to forfeit all illegal proceeds from drug conspiracy regardless of fact that he no longer possessed total amount); *Candelaria-Silva*, 166 F.3d at 41 (criminal forfeiture order may take several forms, including money judgment); *United States v. Ginsburg*, 773 F.2d 798, 801 (7th Cir. 1985) (*en banc*) (involving criminal money laundering forfeiture); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985); *United States v. Davis*, 177 F. Supp. 2d 470, 484 (E.D. Va. 2001) (following *Candelaria-Silva*), *aff'd*, 63 Fed. Appx. 76, 2003 WL 1871050 (4th Cir. 2003), *cert. denied*, 540 U.S. 895 (2003).

The money judgment acts as a lien against the defendant personally for the duration of her prison term and beyond. *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000); *Ginsburg*, 773 F.2d at 801-02 (criminal forfeiture is a personal judgment that requires the defendant to pay

the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *Conner*, 752 F.2d at 576 (because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset). The money judgment may be satisfied out of the laundered funds, property traceable thereto, or substitute assets. *United States v. Saccoccia*, 898 F. Supp. 53, 56 (D.R.I. 1995).

IV. Standard of Proof is Preponderance

The Fourth Circuit considered the standard of proof for forfeiture *post-Apprendi* in *United States v. Najjar*, 300 F.3d 466 (4th Cir. 2002) and found that because forfeiture is part of the punishment, the standard of proof for RICO forfeiture remains preponderance of the evidence, notwithstanding *Apprendi*). *See also United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006).

V. Amount of Proceeds

Because the defendant unlawfully obtained at least $120,426.16 through her scheme, she is liable for a $120,426.16 money judgment.

## **CONCLUSION**

Therefore, the United States requests a money judgment of $120,426.16.

                                        Respectfully submitted,

                                        Chuck Rosenberg
                                        United States Attorney

                                          \_\_\_\_/s/_____
                                        Jay V. Prabhu
                                        Attorney for United States
                                        U.S. Attorney's Office
                                        Justin W. Williams U.S. Attorney's Building
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: 703-299-3700
                                        FAX: 703-299-3981
                                        Email Address: jay.prabhu@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on the 22nd day of May, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

Steven D. Brown
Sarah E. Moffett
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
P.O. Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 783-7516
Fax: (804) 783-7616

Steven.Brown@leclairryan.com
Sarah.Moffett@leclairryan.com

*Counsel for Ingrid Dina Levy*

                          /s/
                      Jay V. Prabhu
                      Attorney for United States
                      U.S. Attorney's Office
                      Justin W. Williams U.S. Attorney's Building
                      2100 Jamieson Avenue
                      Alexandria, Virginia 22314
                      Phone: 703-299-3700
                      FAX: 703-299-3981
                      Email Address: jay.prabhu@usdoj.gov