IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Hon. James C. Cacheris |
| | ) | |
| . | ) | Criminal No. 1:07 CR 265 |
| | ) | |
| INGRID DINA LEVY, | ) | Sentencing: June 12, 2008 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO SET ASIDE THE VERDICT

This Memorandum of Law is respectfully submitted in support of Ingrid Dina Levy's Motion to Set Aside the Verdict. The prosecution admitted about a hundred pages of e-mail transmissions (Exhibit 31), over objection, of nine people[1] stating, in substance, that Ms. Levy failed to send them merchandise for which they paid. The Government's argument for admitting these prior out of court statements was that the victim's e-mail statements were required to put into context the defendant's admissions, and that such were not offered for the truth. Defendant objected on the grounds that such constituted inadmissible hearsay, that such violated her Sixth Amendment right to confrontation, and that the statements of these non-testifying individuals were unduly prejudicial under Rule 403.[2] In addition to the e-mail transmissions, the Government elicited testimony from Special Agent Greg Ryan of the FBI concerning losses suffered by individuals other than the five victims testifying at the trial, and put into evidence a list of 45 purported fraud victims (Exhibit 30). The basis for the agent's knowledge was hearsay,

---

[1] In total, the e-mail transmissions of ten people were in Exhibit 31. However, one of those people – Claire Stancarone – ended up testifying at the trial. So, her e-mails would not be inadmissible hearsay or admitted in violation of the Sixth Amendment.
[2] Defendant also raised an objection to these e-mails in pre-trial motions and requested a pre-trial hearing to examine the 6th Amendment and hearsay implications of admitting this evidence.

as was the basis for Exhibit 30, and by admitting such evidence, without the direct testimony of the actual victims of this fraud, the Government violated defendant's Sixth Amendment right to confrontation.

Defendant now respectfully requests that the Court set aside the jury's verdict on the grounds that admission of these e-mail transmissions (Exhibit 31), as well as Special Agent Ryan's testimony, and Exhibit 30, concerning losses suffered by other victims constituted error. See United States v. Brown, 767 F.2d 1078 (4th Cir. 1985). In Brown, an FBI agent testified as to conversations he had with others concerning the defendant's guilt of a certain offense. For instance, the agent there testified that he had spoken with an informant, with police officials, and with other witnesses to certain relevant events; the agent then recounted or summed up these conversations in his testimony. As it did here, the Government in Brown argued that the statements were not hearsay because they were not being admitted for their truth. Also, as happened here, the trial court in Brown gave a limiting instruction to the jury that they were not to consider the statements for the truth but as to background. The Fourth Circuit vacated the conviction and remanded the matter, saying "we are of opinion that the limiting instructions of the trial court were insufficient to dispel the resulting prejudice from the introduction of needless hearsay evidence…" Id. At 1084.

This case is similar to Brown and should lead to the same result: the vacating of the conviction. In this case, the Government crafted a fraud indictment that was unclear in the scope and breath of the fraud scheme it charged; the Government then admitted, over defendant's objection, e-mail transmissions by nine uncalled, unsworn "victims" of Ms. Levy's alleged fraud, such that a Sixth Amendment violation was practically unavoidable. The jury had no choice but to conclude that the 44 victims of fraud referred to in the indictment included these

nine victims who complained about Ms. Levy in the e-mails.  Therefore, the jury would invariably view these statements by these 9 fraud victims as being offered for the truth, regardless of the court's instruction that they not consider it as such.  For this reason, the admission of this prejudicial hearsay was error, serving to violate defendant's Sixth Amendment right to confrontation.  Accordingly, the convictions should be set aside.

**WHEREFORE**, for the foregoing reasons, defendant respectfully requests this Court to set aside the convictions.

Respectfully submitted,

Dated: June 9, 2008                              By: _/s/ Sarah E. Moffett

Sarah E. Moffett (VSB No. 72208)
LeCLAIRRYAN, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Telephone:    (703) 647-5930
Facsimile:    (703) 647-5980
Sarah.Moffett@leclairryan.com
***Counsel for Defendant Ingrid Levy***

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will then send a notification of the filing to the following:

Jay V. Prabu
Attorney for the United States of America
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703.299.3700
Facsimile: 703.299.3981
E-mail: jay.prabhu@usdoj.gov
***Counsel for United States of America***

Steven D. Brown (VSB #42511)
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
P.O. Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 783-7516
Facsimile: (804) 783-7616
Email: Steven.Brown@leclairryan.com
***Counsel for Defendant Ingrid Dina Levy***

And via U.S. Mail to the following:

Marc Agnifilo, Esq.
Brafman & Associates
767 Third Avenue
New York, New York 10017
***Counsel for Defendant Ingrid Dina Levy***

                                        By: _/s/ Sarah E. Moffett
                                        Sarah E. Moffett (VSB No. 72208)
                                        LeCLAIRRYAN, A Professional Corporation
                                        225 Reinekers Lane, Suite 700
                                        Alexandria, Virginia 22314
                                        Telephone:   (703) 647-5930
                                        Facsimile:    (703) 647-5980
                                        Sarah.Moffett@leclairryan.com
                                        ***Counsel for Defendant Ingrid Levy***