IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:07-cr-265 |
| | ) | |
| INGRID DINA LEVY, | ) | Hon. James C. Cacheris |
| | ) | |
| | ) | <u>Sentencing:</u> June 12, 2008 |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S POST-TRIAL MOTION TO SET ASIDE JURY VERDICTS

COMES NOW, the United States of America, through its attorneys, Chuck Rosenberg, United States Attorney, and Jay V. Prabhu, Assistant United States Attorney, and opposes the Defendant Ingrid Dina Levy's post-conviction motion "to set aside the convictions" on the grounds that it is untimely and, therefore, the Court does not have authority to consider it; in addition, the motion is without merit.

As the Court is aware, on February 25, 2008, following a three day jury trial, the defendant, Ingrid Dina Levy, was convicted of three counts of mail fraud in violation of Title 18, United States Code, Section 1341, and four counts of wire fraud in violation of Title 18, United States Code, Section 1343. The jury was discharged by the Court on that day.

On Friday, June 6, 2008, which is less than 7 days prior to the sentencing date and approximately 102 days since the Defendant was convicted by a jury, the Defendant filed a "Post-Trial Motion" which sought to "set aside the convictions" based on an alleged Sixth Amendment violation that the Court has already ruled is without merit both in response to the Defendant's pre-trial motion *in limine* and to an objection by the defense during trial. The

defense re-submitted substantially the same motion on June 9, 2008, which is 3 days before sentencing and 106 days since the Defendant was convicted by the jury.

I. THIS COURT IS WITHOUT JURISDICTION TO GRANT AN UNTIMELY REQUEST BY THE DEFENDANT FOR EITHER POST-CONVICTION ACQUITTAL OR A REQUEST FOR NEW TRIAL

Whether the Defendant's Post-Trial Motion is termed a motion under Rule 29(c)(1) (Motion for a Judgment of Acquittal) or Rule 33(b)(2) (Motion for a New Trial) of the Federal Rules of Criminal Procedure, it is untimely, since, in this case, either of these motions must have been made within 7 days after the guilty verdict, which occurred on February 25, 2008. The failure of the Defendant to file a timely motion in early March 2008 precludes this Court from granting the Defendant's motion.

Carlisle v. United States, 517 U.S. 416 (1996), considered whether a district court had authority to grant a post-verdict motion for judgment of acquittal filed just one day outside of the time limit prescribed by Federal Rule of Criminal Procedure 29(c). Rule 29(c) provides, in relevant part, that "[i]f the jury returns a verdict of guilty ..., a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged." Fed. R. Crim. P. 29(c). The petitioner in Carlisle, who filed an untimely motion (though, admittedly, 94 days earlier than the defendant here), argued that district courts should have the discretion to step outside of the Rules' strict time limits, and it is this latter assertion upon which the Carlisle Court ultimately focused. In particular, the Court read Rule 29(c) in conjunction with Rule 45(b), which provides that, absent a showing of excusable neglect, "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." Fed. R. Crim. P. 45(b). This language convinced the Court that, because "[t]hese rules are plain and

2

unambiguous ... [, t]here is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion of acquittal...." Carlisle, 517 U.S. at 421. The Court therefore concluded that the text of the relevant Rules did not authorize district courts to circumvent Rule 29's time limits. The same is true in the instant case.

The Carlisle Court also considered and rejected the petitioner's argument that, in the absence of textual support from the Rules themselves, courts retain limited "inherent supervisory authority" to depart from the Rules' strict time limits. In advancing this argument, the petitioner relied on United States v. Hasting, 461 U.S. 499 (1983), where the Court held that courts "may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress." Id. at 505. The Carlisle Court read the decision in Hasting very narrowly, however, holding that "[w]hatever the scope of this 'inherent power,' ... it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." Carlisle, 517 U.S. at 426.

If, in the alternative, the Defendant's motion were characterized as a Motion for a New Trial under Rule 33, it is also untimely. Similar to Rule 29, Rule 33 states that: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." The time period in the instant case ran out in early March 2008. Rule 45(b) resolves any possible ambiguity by noting that a district court's authority to extend time is limited "to the extent and under the conditions stated" in Rule 33. Fed. R. Crim. P. 45(b). Application of the reasoning in the Carlisle decision again precludes the Court from granting the Defendant's motion under Rule 33.

II.     **EVEN IF THE COURT COULD CONSIDER THE DEFENDANT'S MOTION TO SET ASIDE HER SEVEN CONVICTIONS, IT IS WITHOUT MERIT.**

As she did prior to and during trial, the Defendant raises a Sixth Amendment claim that she suggests justifies throwing out the seven jury verdicts. As the Court ruled previously, the statements made in e-mail messages with the Defendant contained in Government Exhibit 31 were not admitted to prove the matters asserted by the victims, but rather as evidence of the Defendant's knowledge and intent and to provide context for the Defendant's statements and actions as part of an overall fraudulent scheme. Therefore, the Court ruled that the out of court statements in the electronic mail messages were not hearsay and they were properly admitted at trial. Such admissions do not raise Sixth Amendment concerns, and therefore the Defendant's motion is without merit.

Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A statement, however, does not constitute hearsay if it is not offered to prove the truth of the matter asserted but offered to prove knowledge, or show the effect on the listener or the listener's state of mind. United States v. Safari, 849 F.2d 891, 894 (4th Cir. 1988) (finding that the district court correctly found that the letters did not constitute hearsay evidence because they were not offered to prove the truth of the matter asserted but to show the Defendant's knowledge that the package delivered to his post office box and retrieved by him contained drugs); see also 2 MCCORMICK ON EVIDENCE § 249 (6th ed. 2006) (statements may be considered non-hearsay if offered to show, for example, the hearer's notice, knowledge, motive, anxiety, or reasonableness of action).

4

Here, the statements contained in the e-mail messages were not offered to prove the truth of the matter asserted, but rather to show the impact on the listener - the Defendant and thereby, help to establish the Defendant's knowledge and notice. Moreover, the correspondence with the Defendant provided context for the material misrepresentations made by the Defendant in response to the victims' inquiries. The Court properly ruled that the statements were non-hearsay and therefore admissable.

The instant case is comparable to United States v. Dupre, 462 F.3d 131, 136 (2nd Cir. 2006). In Dupre, the Second Circuit found that electronic mail messages from a group of investors demanding more information about the defendant's fraudulent investment scheme and speculating that scheme was fraud were not hearsay, and thus were admissible in defendant's wire fraud prosecution, even though the authors of the e-mails did not testify in court. Specifically, the court found that the e-mail messages were not offered for truth of matters asserted, but instead were offered to provide context for defendant's messages sent in response, and messages rebutted defendant's argument that she had no reason to know that scheme was fraudulent. Id. at 137. As in Dupre, the e-mail messages here were offered to show the Defendant's intent to defraud and to provide context for Defendant's responses which contained material misrepresentations. The Sixth Amendment's right of confrontation does not extend to statements that are not offered for their truth. See Tennessee v. Street, 471 U.S. 409, 414 (1985) ("[t]he non-hearsay aspect of [the co-defendant's] confession--not to prove what happened at the murder scene but to prove what happened when respondent confessed--raises no Confrontation Clause concerns"). As such, there is no possible Sixth Amendment concern here.

At the Defendant's trial, the Court properly admitted the Defendant's bank and credit card accounts into evidence. These non-hearsay records were contained in primarily Government Exhibits 1, 14, 15, 16, 17, 18, 19, and 20. Special Agent Greg Ryman examined those records and created Government Exhibit 2, which summarized deposits into the account of the Defendant as well as purchases from the retail stores from which the Defendant claimed she made purchases. The Court will recall that defense counsel questioned the methodology used by Agent Ryman to prepare the summary at some length, and the testimony was clear that the summary accurately reflected the non-hearsay records reviewed by Agent Ryman.

Agent Ryman further testified that there were a number of complaints about the Defendant from the Internet Crime Complaint Center. Complaints of this kind are fact testimony, not hearsay. Agent Ryman did not testify about the specific allegations of these complaining individuals, and the government did not seek to admit their complaints into evidence (though they have now been provided to the Court, the Probation Officer, and the defense). Agent Ryman did, however, examine the non-hearsay business records of the Defendant to see if any of these persons paid the Defendant any money. The results were summarized in Government Exhibit 30, which listed names and amounts of money paid to the Defendant. Agent Ryman, again, was queried on both direct and cross examination about how he prepared Exhibit 30 and it was properly entered into evidence as a summary of his findings.

The defense mischaracterizes the testimony of Agent Ryman as relying on hearsay for summaries contained in Government Exhibit 2 and 30 throughout their motion. As summaries of non-hearsay business records, they were properly admitted by the Court and are not grounds to overturn the Defendant's seven convictions. The Confrontation Clause simply does not bar the

admission of non-hearsay statements.  See Bourjaily v. United States, 483 U.S. 171, 182-83 (1987).  As such, the Defendant's motion is entirely without merit.

**III.   CONCLUSION**

This Court does not have jurisdiction to grant the Defendant's motion "to set aside the convictions" since it is approximately 95 days overdue.  Neither Rule 29 nor Rule 33 of the Federal Rules of Criminal Procedure allow for consideration of an untimely motion.  Yet, even if the Court could consider the Defendant's motion, it is without merit.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:            /s/
Jay V. Prabhu
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Phone: 703-299-3700
Fax: 703-299-3981
Jay.Prabhu@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

Steven D. Brown
Sarah E. Moffett
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
P.O. Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 783-7516
Fax: (804) 783-7616

Steven.Brown@leclairryan.com
Sarah.Moffett@leclairryan.com

*Counsel for Ingrid Dina Levy*

                                              /s/
Jay V. Prabhu
Attorney for United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address: jay.prabhu@usdoj.gov