# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CR265 |
| | ) | |
| INGRID DINA LEVY, | ) | |
| | ) | Hon. James C. Cacheris |
| Defendant | ) | |

## GOVERNMENT'S OPPOSITION TO INGRID LEVY'S
## THIRD REQUEST FOR BOND PENDING APPEAL

COMES NOW, the United States of America, through its attorneys, Dana J. Boente, Acting United States Attorney; Jay V. Prabhu, Assistant United States Attorney; and Thomas S. Dougherty and Tyler G. Newby, Trial Attorneys, United States Department of Justice, Computer Crime and Intellectual Property Section, and opposes the Defendant Ingrid Dina Levy's "Motion for Bond Pending Appeal," (which is her third request for consideration of bond to this Court, in addition to an unsuccessful request to the Fourth Circuit). Defendant's motion advances the same flawed Sixth Amendment and hearsay arguments she raised unsuccessfully at trial and at sentencing, additional meritless claims about this Court's imposition of her sentence, and complaints about the Bureau of Prison's discretionary decisions (that are notably not within the control of this Court). It presents no new significant facts or law. Accordingly, Defendant has not raised a substantial appellate issue. She has also failed to establish "by clear and convincing evidence" that she is not likely to flee or pose a danger to the safety of another person or the community. She has also failed to establish she is not just trying to delay her just punishment. For these reasons, her motion should again be denied.

# ARGUMENT

## I. Defendant Has Still Not Met Her Burden for Release Pending Appeal

### A. Legal Standard

Motions for release or detention of a defendant pending appeal are governed by 18 U.S.C. § 3143(b), which creates a presumption against release pending appeal. *See United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). The defendant may rebut the presumption of detention, however, by meeting the two-pronged test provided for in 18 U.S.C. § 3143(b)(1)(A) and (B). First, she must demonstrate "by clear and convincing evidence" that she is not likely to flee or pose a danger to the safety of another person or the community. Second, if the defendant has met the first prong, release may be appropriate if:

> the judicial officer finds that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991). A "substantial question" is defined as, "a 'close' question or one that very well could be decided the other way." *Id*. (*citing United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Whether a question is substantial is decided on a case by case basis. *Id*. The burden of proof remains on the defendant. *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985). In this case, Defendant has not, and cannot, meet that burden.

### B. Defendant Still Has Not Rebutted the Presumption of Detention

#### 1. Defendant Has Not Shown By Clear and Convincing Evidence She is Not a Flight Risk

While the Government does not contest that Defendant has regularly made her court

appearances in this matter and voluntarily surrendered, the Government submits that Defendant has not shown by clear and convincing evidence that she is not a flight risk. As set forth in the government's previous submissions, the Defendant is a resident alien and is a citizen of France. Furthermore, Defendant still has close connections to France; her mother and two of her siblings currently reside there. The Defendant, now that she has experienced incarceration, has even more incentive to flee if she is released pending appeal. This is especially true since she complains that the Bureau of Prisons has placed her in circumstances worse than she expected.

    2.    **Defendant Has Not Met Her Burden of Showing a Close Appellate Question**

        a.    **Special Agent Ryman's Testimony Did Not Violate Defendant's Sixth Amendment Confrontation Right**

Defendant argues that her Sixth Amendment right of confrontation was violated when Agent Ryman testified that there were complaints about Defendant's business in a database maintained by the Internet Crime Complaint Center (IC3). As the Court has recognized at trial, at the sentencing hearing, and during previous requests for bond, Agent Ryman's testimony, which was not offered for the truth of the matters asserted in the complaints, did not run afoul of the Confrontation Clause. The Sixth Amendment's right of confrontation does not extend to out-ofcourt statements when they are not offered for their truth. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"), *citing Tennessee v. Street*, 471 U.S. 409, 414 (1985) ("[t]he nonhearsay aspect of [the co-defendant's] confession--not to prove what happened at the murder scene but to prove what happened when respondent confessed--raises no Confrontation Clause concerns"); *see also Furr v. Brady*, 441 F.3d 34, 40 (1st Cir. 2006) ("In general, nonhearsay statements or statements not offered for the truth of the matter

asserted do not raise Confrontation Clause concerns."). The Supreme Court's acknowledgment of this rule in *Street*, and its subsequent application in *Furr v. Brady* arose in the context of co-defendants' out-of-court statements implicating the defendant in the crimes for which he was being tried. Despite the heightened prejudice concerns in those scenarios, which were not present here, the courts permitted the admission of the out-of-court statements for non-hearsay purposes. *See Street*, 417 U.S. at 414; *Brady*, 441 F.3d at 40. As such, there is no possible Sixth Amendment concern here.

### b. Exhibit Containing E-Mails between Customers and the Defendant Was Properly Admitted for a Non-Hearsay Purpose

As discussed above, because Agent Ryman's testimony concerning the IC3 complaints he reviewed were not offered for the truth of the matters asserted therein, they were not improper hearsay. Similarly, as the Court ruled previously, the statements made by Defendants' victims in e-mail messages with the Defendant contained in Government Exhibit 31 were not admitted to prove the matters asserted by the victims, but rather to provide context for the Defendant's statements and as evidence of the Defendant's knowledge and intent. Because those e-mails were not offered for a hearsay purpose, they were properly admitted.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rules of Evidence 801(c). A statement, however, does not constitute hearsay if it is not offered to prove the truth of the matter asserted but offered to prove knowledge, or show the effect on the listener or the listener's state of mind. *See, e.g., United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988) (In a possession of narcotics with intent to distribute case, letters discussing plan to ship heroin to Defendant from Pakistan were properly admitted for non-hearsay purpose of showing

Defendant's knowledge of a plan to smuggle heroin to him).

As raised with the Court previously, the Second Circuit's treatment of email correspondence between fraud victims and a defendant in *United States v. Dupre*, 462 F.3d 131, 136 (2nd Cir. 2006) is instructive here. The court held that e-mail messages from non-testifying investors demanding more information about the defendant's fraudulent investment scheme were not hearsay, and thus were admissible in the defendant's wire fraud prosecution. Specifically, the court found that the e-mail messages were not offered for truth of matters asserted, but instead were offered to provide context for defendant's messages sent in response, and messages rebutted defendant's argument that she had no reason to know that scheme was fraudulent. *Id.* at 137.

Here, the e-mail messages between the Defendant and her customers contained in Exhibit 31 were not offered to prove the truth of what was asserted in the customers' e-mails, but rather to show the impact on the Defendant and her systematically fraudulent responses to e-mails, including complaints. Moreover, the correspondence with the Defendant provided context for the material misrepresentations made by the Defendant in response to the victims' inquiries, including Defendant's use of multiple false identities, false tracking numbers, and false statements regarding order status. The Court properly ruled that the statements were non-hearsay and therefore admissible.

### c. The Defendant's New Allegations Regarding Errors in Jury Instructions and Sentencing Are Also Without Merit

For the first time, the Defendant is also alleging errors by this Court in failing to use the Defendant's proposed jury instruction on "intent to defraud," in supposedly treating the advisory Sentencing Guidelines as mandatory, and in finding that the government proved loss and the number of victims by a preponderance standard at sentencing. None of these claims has any

merit.

### 3. The Defendant Has Delayed Payment to Her Victims

The Defendant has repeatedly attempted to delay the imposition of her just sentence, and, in doing so, has likely spent a significant amount of money that would otherwise have gone to the victims of her crimes. Her attempts at delay have rightly failed to date, but it is unfortunate that the 82 victims who have a restitution money judgment against her have seen her assets depleted. Such a delay and decrease in likely restitution is, at the very least, an unintended consequence of her continued litigiousness. *See also United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (finding that the Court must find that the appeal is not "for purpose of delay").

### C. The Court Has Already Made a Recommendation to the Bureau of Prisons

The place and manner of the Defendant's imprisonment is within the discretion of the Bureau of Prisons, and a challenge to that discretion is not properly before this Court. The Court made a recommendation to the BOP that the Defendant be designated in a Minimum Security Facility. BOP's decision to assign the Defendant to a particular facility and circumstances is not proper grounds to revisit her bail pending appeal.

## CONCLUSION

The Defendant here again has not carried her burden to overcome the presumption of detention, as permitted under 18 U.S.C. § 3143(b)(1)(A) and (B). She has not demonstrated "by clear and convincing evidence" that she is not likely to flee or pose a danger to the safety of another person or the community. Even if she had, she has also failed to show a substantial appellate issue justifying her release pending appeal and to show that her appeal was not for purposes of delay.

WHEREFORE, this Court should deny Defendant's third request for bond pending appeal before this Court.

        Respectfully submitted,
        Dana J. Boente
        Acting United States Attorney

By:     /s/
        Jay V. Prabhu
        Attorney for United States of America
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314-5794
        703-299-3700
        703-299-3981 (fax)
        jay.prabhu@usdoj.gov

        Thomas S. Dougherty
        Tyler G. Newby
        Trial Attorneys
        U.S. Department of Justice

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 18th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

Nicole L. Angarella, Esq.
COZEN O'CONNOR
1627 I St., NW, Suite 1100
Washington, DC 20006
Phone: (202) 912-4864
Fax: (877) 260-6240
Email: nangarella@cozen.com

*Counsel for Ingrid Levy*

                                                  /s/
                                          Jay V. Prabhu
                                          Attorney for United States
                                          U.S. Attorney's Office
                                          Justin W. Williams U.S. Attorney's Building
                                          2100 Jamieson Avenue
                                          Alexandria, Virginia 22314
                                          Phone: 703-299-3700
                                          Fax: 703-299-3981
                                          E-mail Address: jay.prabhu@usdoj.gov