**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE No. 1:07-cr-265 (JCC) |
| Plaintiff, | : | |
| Vs. | : | **MOTION FOR RELEASE PENDING** |
| INGRID DINA LEVY, | : | **RE-SENTENCING** |
| Defendant. | : | |

COMES NOW Defendant Ingrid Dina Levy, by and through undersigned counsel, and moves this Honorable Court for an order granting her release on bond pending her re-sentencing. Consistent with this Court's prior rulings regarding Ms. Levy, she is neither a flight risk nor a danger to the community, and additional restrictions short of detention if this Court deems them necessary will be sufficient to ensure her appearance for sentencing proceedings.

**ARGUMENT**

**A. Applicable Standards**

Release following conviction but pending sentencing is governed by 18 U.S.C. § 3143(a). Section 3143(a) provides that "the judicial officer shall order" the detention of a defendant pending sentencing "unless the judicial officer finds by clear

and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

**1. Ms. Levy is not a flight risk.**

"The mere opportunity to flee is not enough to justify detention." United States v. Hammond, 204 F. Supp. 2d 1157, 1166 (E.D. Wis. 2002). The question, rather, is whether Ms. Levy is likely to flee. There is no such likelihood.

> *a. Ms. Levy's past behavior demonstrates that she is not a flight risk.*

Subsequent to her indictment, during her trial, pending her sentencing, and pending her designation to begin serving her sentence, this Court allowed Ms. Levy to remain free on a personal recognizance bond of $50,000.00. (Dckt. 6). In fact, this Court denied a Government motion to revoke Ms. Levy's bond pre-trial, (Dckt. 62, 66), and allowed her to self-report for sentencing and for service of her term of imprisonment. (Dckt. 70, 85). This Court twice extended her self-surrender date – from August 22, 2008, to September 22, 2008, because of her son's needs and from September 22, 2008, to October 27, 2008, to enable her to observe the Jewish High Holidays with her family. (Dckt. 107, 113).

At no time during this lengthy period between her

arraignment on July 25, 2007, to her self-surrender to the custody of the Bureau of Prisons on October 27, 2008, did she attempt to flee, a fact that militates strongly in favor of a finding that she is not a flight risk. See Wood v. United States, 391 F.2d 981, 984 (D.C. Cir. 1968) (per curiam) ("Consistent appearance when flight is possible is an important indicator of whether a defendant is likely to appear once again."); United States v. Hammond, 204 F. Supp. 2d 1157, 1166 (E.D. Wis. 2002).

   b. *Ms. Levy has significant family ties.*

 The Government has, in the past, contended that there is some risk of flight because Ms. Levy is a French citizen and has ties to France. However, Ms. Levy was and will remain the primary caregiver to her three young children Dylan, Savannah and Dakota, whom all are United States citizens and residents of the State of New York. See PSR at 12. Her oldest child Dylan also is diagnosed with Auditory Processing Disorder, which requires special services. See id. Her husband and children are American citizens and are firmly rooted in this country. Moreover, Ms. Levy herself was in the final stage of taking the oath of citizenship and becoming a United States citizen when these charges were filed. As a result of these allegations her citizenship oath ceremony was deferred. Given her strong ties

to her family and her demonstrated compliance with all conditions of release imposed upon her, there is no danger whatsoever that she will flee the United States. Despite the government's contention, the Court continuously allowed Ms. Levy to remain free pending sentencing and self-surrender.

    **2.   Ms. Levy is not a danger to others or to the community at large.**

Ms. Levy has been convicted of offenses that are not crimes of violence and that do not involve narcotics, the usual hallmarks of dangerousness to the community. Indeed, the Government has never contended that Ms. Levy should be detained as a dangerous individual. This factor therefore also weighs in favor of her release.

**C.   Additional conditions of release, short of detention, are sufficient to assure Ms. Levy's attendance at future proceedings.**

This Court has the discretion to craft limitations on the circumstances of Ms. Levy's release that will reasonably assure her appearance at further proceedings. The Court may deem home confinement with electronic and/or GPS monitoring to be such a limitation. Additionally, if the Court finds this insufficient, undersigned counsel has available the services of a private security firm to provide bail monitoring services over Ms. Levy 24 hours a day from the moment she is released from custody, to

the moment she is required to appear for sentencing.  A summary of that firm's monitoring regimen can be furnished if required.

**D.   If Ms. Levy is not released to report on her own for re-sentencing she will suffer severe hardship.**

If Ms. Levy is not released to report on her own to the re-sentencing, she will be writted out by the United States Marshal's Service from FCI Danbury to Alexandria, Virginia. This is a circuitous, onerous, lengthy process and is detailed by J. Michael Henderson, a former high-level BOP official. (Exh. A). In short, as noted by Mr. Henderson, her conditions of confinement while on writ will be much harsher than she is currently experiencing at FCI Danbury.  If not released, Ms. Levy will be under these conditions of confinement and transit during the Jewish High Holidays from September 18, 2009, to October 11, 2009.  Proper observance of this religious High Holiday season will be virtually impossible while under writ.[1]

---

[1]     In a Declaration (Doc. JC. 112-212, filed September 16, 2008) in support of Defendant's Motion for Deferral of Surrender, Rabbi Aaron Lipskar, Director of the Aleph Institute, one of premium Religious Advocacy organizations for Jewish persons in institutional environments, noted:

> With respect to the Federal Bureau of Prisons, we are able to report that the BOP does an excellent job making arrangements for inmates in general population to observe and celebrate the Jewish High Holidays.  These arrangements work for most inmates in BOP custody except those <u>who are in transit or who may be in "hold-over" status</u>.
>
> Our experience has shown that inmates can have great difficulty observing the Jewish High Holidays if, for example, they are scheduled for a <u>transfer</u> at or near the time of the high

5

Additionally defendant's son, Dylan, who the court is aware suffers from a severe learning disability, has, according to his doctors, gone downhill since Ms. Levy was incarcerated.[2] He returns to school on or about September 8, 2009. Accordingly, if Ms. Levy could be released from custody on September 7, 2009, it would be a tremendous benefit to Dylan's welfare.

**CONCLUSION**

Ms. Levy is a first-time offender who has been convicted solely of non-violent offenses. She demonstrated, over the course of more than a year, while released on nothing more than a personal recognizance bond that she was not a flight risk, and this Court repeatedly has recognized that she was not a flight risk.

Under these circumstances, continued detention pending sentencing is unwarranted and unjust. It is well within the ability of this Court to impose conditions — such as third party custody, home confinement and/or GPS with electronic monitoring, and a pledge of security — that will reasonably assure her attendance at the re-sentencing hearing, if the Court determines

---

holidays. Inmates who are <u>in transit</u>, or who may be <u>in hold-over status</u> . . . often have difficulty participating in the High Holiday Worship programs that are offered to inmates in general population. (Emphasis added)

[2] Undersigned counsel intend to present evidence concerning Dylan's deterioration at Ms. Levy's October 16, 2009, re-sentencing.

6

that simply releasing her on her own recognizance, as was permitted and complied with prior to her self-surrender to FCI Danbury, is insufficient to ensure her presence at re-sentencing.

As noted above, if not released, Ms. Levy will be under these conditions of confinement and/or transit during the Jewish High Holidays from September 18, 2009, to October 11, 2009. If this Court were to release her from September 8, 2009, through resentencing on October 16, 2009, Defendant would once again enjoy this very important privilege with her family, most importantly her son Dylan, and not be subject to being writted around the country and moved to Alexandria, Virginia at great hardship to her and financial cost to the U.S. Marshal Service. In the interest of judicial and governmental economy, it is urged that this Court Order Ms. Levy released from September 7, 2009, to October 16, 2009.

Dated: August 20, 2009

> Respectfully submitted,
>
> INGRID DINA LEVY
> By Counsel

7

/s/ _____
JOHN KENNETH ZWERLING, ESQ.
Attorney for Ingrid Dina Levy
VA Bar No. 8201
Zwerling, Leibig & Moseley, P.C.
108 N Alfred St
Alexandria, Virginia 22314
Ph: (703) 684-8000
Fax:(703) 684-9700
jz@zwerling.com


/s/ _____
ALAN ELLIS
*Pro hac vice* attorney for
     Ingrid Dina Levy
PA Bar No. 17430
495 Miller Avenue, Suite 201
Mill Valley, CA 94941
Ph: (415) 380-2550
Fax:(415) 380-2555
Aelaw1@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th of August, 2009, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Jay Prabhu, Esq.
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Ph: (703) 299-3700
        Fax:(703) 299-3981
        Jay.Prabhu@usdoj.gov

        /s/_____
        JOHN KENNETH ZWERLING, ESQ.
        Attorney for Ingrid Dina Levy
        VA Bar No. 8201
        Zwerling, Leibig & Moseley, PC
        108 N Alfred St
        Alexandria, Virginia 22314
        Ph: (703) 684-8000
        Fax:(703) 684-9700
        jz@zwerling.com